PER CURIAM.
As the summary final judgment entered by the trial court concisely sets out the facts, the issues, and the correct result, we adopt it as our opinion, as follows:

“FINDINGS OF MATERIAL FACTS NOT IN DISPUTE

1. Plaintiffs are a group of approximately 1,000 Delta Air Lines, Inc. (‘Delta’) flight attendants hired by Delta in connection with its acquisition of certain assets of Pan American World Airways (Tan Am’) in the fall of 1991.
2. In July 1991, Delta entered into an asset purchase agreement with Pan Am to purchase certain Pan Am routes and assets. In connection with the asset acquisition, Delta decided it would offer employment to approximately 1, 800 Pan Am flight attendants.
3. In the middle of August 1991, Delta provided Plaintiffs with an informational memo dated August 16, 1991 (the ‘August 16 Memo’). The August 16 Memo stated that ‘integration of Delta and Pan Am seniority lists in the flight attendant work group will be accomplished by Delta management in a fair and equitable manner as soon as is practicable.’
4. Several weeks later, Delta began making offers of employment to Pan Am flight attendants. Each Plaintiff received an identical written offer from Delta along with a copy of a September 9, 1991 Memorandum (the ‘September 9 Memo’).
5. Each offer letter expressly incorporated both the August 16 Memo and the September 9 Memo as part of the terms and conditions of Plaintiffs employment should they accept Delta’s offer.
*1159 6. In the September 9 Memo, Delta defined what it had determined was a ‘fair and equitable’ method for placing the Plaintiffs onto Delta’s seniority list. It set forth the formula Delta would use to place the Plaintiffs onto Delta’s seniority list. The September 9 Memo stated that each Pan Am flight attendant being offered a position would be unable to calculate his or her precise position on the integrated seniority list until Delta knew how many and which Pan Am flight attendants accepted the offers.
7. Each Plaintiff expressly accepted Delta’s offer of employment, including the method of seniority placement described in the September 9 Memo, by signing and returning the offer letter.
8. After the Plaintiffs accepted employment at Delta, Delta placed the Pan Am flight attendants onto the seniority list in accordance with the formula contained in the September 9 Memo.
9. The integrated seniority list was posted by Delta in January, 1992 and has been in effect since.

CONCLUSIONS OF LAW

1. Plaintiffs contend that the ‘fair and equitable’ language in the August 16 Memo creates an ‘overriding’ requirement that conflicts with and takes precedence over the formula found in the September 9 Memo. Plaintiffs also contend that the September 9 Memo is ambiguous. The Court does not find any ambiguity or conflict in the two provisions.
2. The Court determines as a matter of law that the formula contained in the September 9 Memo is not ambiguous and is the definition of ‘fair and equitable’ for purposes of these contracts.
3. Since Delta, in fact, used the September 9 formula, which each Plaintiff accepted and agreed to, to determine the combined seniority list of original Delta and former Pan Am flight attendants, and each Plaintiff was placed on the seniority list according to this formula, Plaintiffs have no claim for breach of contract as a matter of law.”
R. 2655-56.
The summary final judgment is affirmed.